UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                         :
C.Q.,                                          :
                         :
                        Plaintiffs,   :
                         :            20-CV-2205 (VSB)
           - against -             :
                         :            **OPINION & ORDER**
                         :
ESTATE OF DAVID ROCKEFELLER, et al., :
                         :
                      Defendants.   :
                         :
----------------------------------------------------------X

Appearances:

Danielle George
Phillips & Paolicelli, LLP
New York, NY
*Counsel for Plaintiff*

John Morgan Callagy
Kelley Drye & Warren, LLP (NY)
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Before me is Plaintiff's motion to remand this action to the Supreme Court of New York, New York County, pursuant to 28 U.S.C. §1447(c).  (Doc. 7.)  Pursuant to *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019), I find that Defendant Margaret Dulany Rockefeller was not "properly joined and served" at the time of removal, and therefore the forum defendant rule and rule of unanimity do not apply.  The motion to remand is thus DENIED.

        **I.**       **Procedural History**

        Plaintiff commenced this action by filing a Summons and Verified Complaint in the Supreme Court of New York, New York County, on February 21, 2020.  (Doc. 7-3, Ex. A.)  The

Verified Complaint named the following defendants: the Estate of David Rockefeller, David Rockefeller, Jr., Margaret Dulany Rockefeller ("Dulany"), Abigail Aldrich Rockefeller ("Aldrich"), Neva Rockefeller Goodwin, and Eileen Rockefeller Growald ("Growald").

Aldrich and Growald filed a notice of removal on March 11, 2020, stating that the case was removable to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441(b). (*See generally* Doc. 1.) On March 12, 2020, Plaintiff filed an affidavit of service of the Verified Complaint on Dulany pursuant to N.Y. C.P.L.R. § 308(2), New York's substituted service of process provision. (Doc. 7-4, Ex. B.) The affidavit of service stated that on March 3, 2020, a copy of the Verified Complaint was left with a person of suitable age and discretion at an address in Tarrytown, New York and, on that same day, the process server mailed a copy of the Verified Complaint to Dulany at that same address. (*Id.*) On March 13, 2020, Plaintiff filed an affidavit of service stating service of the Verified Complaint was made on Aldrich on March 4, 2020, in Cambridge, Massachusetts under Massachusetts state law. (Doc. 7-5, Ex. C.) Plaintiff also filed an affidavit of service stating service of the Verified Complaint was made on Growald on March 4, 2020 in Shelburne, Vermont under Vermont state law. (Doc. 7-5, Ex. D.) Aldrich and Growald do not contest service of process. (Doc. 12, at 4.)

Because Aldrich and Growald's notice of removal did not include the consent of Defendant Dulany, and because Dulany is a New York resident, Plaintiff filed a motion to remand on April 9, 2020, within the thirty-day period prescribed by 28 U.S.C. § 1447(c). (Doc. 7.) On April 10, 2020, Dulany filed a letter notifying the Court of her consent to removal. (Doc. 8.) On May 21, 2020, Defendants filed a memorandum of law in opposition to Plaintiff's motion to remand. (Doc. 12.) Plaintiff filed a reply memorandum of law in further support of the motion to remand on June 11, 2020. (Doc. 14.)

## II.     **Legal Standards**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  A defendant seeking removal of a civil action from state court must file "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).  When an action is removed pursuant to 18 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs*

*Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citation omitted)); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability." (internal quotation marks omitted)).

### III.   Discussion

Plaintiff argues that the forum defendant rule, 28 U.S.C. § 1441(b)(2), requires remand because Dulany is a New York citizen for diversity purposes. (Doc. 7-2, at 5.) Because Aldrich and Growald's notice of removal did not include Dulany's consent to removal, Plaintiff further argues that remand is required under the rule of unanimity. (Doc. 7-2, at 20.) In response, Defendants argue that under New York law, proper service of the Summons and Verified Complaint on Dulany was not "complete" until ten days after Plaintiff filed the Affidavit of Service of the Verified Complaint on Dulany on the docket on March 12, 2020, and thus after the notice of removal was filed on March 11, 2020, excusing Defendants from the forum defendant rule and the rule of unanimity. I conclude that Defendants are correct.

#### A.   *The Forum Defendant Rule*

"Under [the forum defendant rule], which is set out at 28 U.S.C. § 1441(b)(2), a suit that is 'otherwise removable solely on the basis of . . . [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *See Gibbons*, 919 F.3d at 704–05 (quoting 28 U.S.C. § 1441(b)(2)). As the Second Circuit has observed, "[t]he statute plainly provides that an action

4

may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been '*properly* joined and *served*.'" *Id.* at 705 (quoting 28 U.S.C. § 1441(b)(2)) (emphasis in original)). By the same token, however, the Second Circuit observed that "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id.*

Plaintiff attempted to serve Dulany under N.Y. C.P.L.R. § 308(2), New York's substituted service of process section. Section 308(2) provides that, when serving a party by substituted service, "proof of such service shall be filed with the clerk of the court . . . within twenty days of either such delivery or mailing, whichever is effected later; [and] service shall be complete ten days after such filing." N.Y. C.P.L.R. § 308(2). Based on this language, Defendants argue that service on Dulany was not complete at the time of removal, and therefore that she was not a defendant who had been "properly joined and served" under 28 U.S.C. § 1441(b)(2). Applying state law as I am required to do pursuant to *Gibbons*, I agree with Defendants that this is an example of a "limited circumstance[]" in which a "home-state" defendant is excused from the forum defendant rule. *Gibbons*, 919 F.3d at 707.

### B. *The Rule of Unanimity*

Since 2011, the statute governing the procedure for removal has provided that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Courts in the Second Circuit "have consistently interpreted the statute 'as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (quoting *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F.

may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been '*properly* joined and *served*.'" *Id.* at 705 (quoting 28 U.S.C. § 1441(b)(2)) (emphasis in original)). By the same token, however, the Second Circuit observed that "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id.*

Plaintiff attempted to serve Dulany under N.Y. C.P.L.R. § 308(2), New York's substituted service of process section. Section 308(2) provides that, when serving a party by substituted service, "proof of such service shall be filed with the clerk of the court . . . within twenty days of either such delivery or mailing, whichever is effected later; [and] service shall be complete ten days after such filing." N.Y. C.P.L.R. § 308(2). Based on this language, Defendants argue that service on Dulany was not complete at the time of removal, and therefore that she was not a defendant who had been "properly joined and served" under 28 U.S.C. § 1441(b)(2). Applying state law as I am required to do pursuant to *Gibbons*, I agree with Defendants that this is an example of a "limited circumstance[]" in which a "home-state" defendant is excused from the forum defendant rule. *Gibbons*, 919 F.3d at 707.

### B. *The Rule of Unanimity*

Since 2011, the statute governing the procedure for removal has provided that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Courts in the Second Circuit "have consistently interpreted the statute 'as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (quoting *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F.

may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been '*properly* joined and *served*.'" *Id.* at 705 (quoting 28 U.S.C. § 1441(b)(2)) (emphasis in original)). By the same token, however, the Second Circuit observed that "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id.*

Plaintiff attempted to serve Dulany under N.Y. C.P.L.R. § 308(2), New York's substituted service of process section. Section 308(2) provides that, when serving a party by substituted service, "proof of such service shall be filed with the clerk of the court . . . within twenty days of either such delivery or mailing, whichever is effected later; [and] service shall be complete ten days after such filing." N.Y. C.P.L.R. § 308(2). Based on this language, Defendants argue that service on Dulany was not complete at the time of removal, and therefore that she was not a defendant who had been "properly joined and served" under 28 U.S.C. § 1441(b)(2). Applying state law as I am required to do pursuant to *Gibbons*, I agree with Defendants that this is an example of a "limited circumstance[]" in which a "home-state" defendant is excused from the forum defendant rule. *Gibbons*, 919 F.3d at 707.

### B. *The Rule of Unanimity*

Since 2011, the statute governing the procedure for removal has provided that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Courts in the Second Circuit "have consistently interpreted the statute 'as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (quoting *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F.

Supp. 2d 367, 383 (S.D.N.Y. 2006)); *see also Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) ("[T]he removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period, known as the 'Rule of Unanimity.'" (citing *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21(DLC), 1999 WL 92269, at *2 (S.D.N.Y Feb. 19, 1999))).  This requirement means that the non-removing defendants "must independently express their consent to removal." *Pietrangelo*, 686 F.3d at 66. Courts in this circuit have held that the requirement of independent consent, in turn, requires "that each defendant must submit written consent unambiguously agreeing to removal." *Payne*, 172 F. Supp. 2d at 477.  Accordingly, "[t]he failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." *In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494(ER), 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012) (citing *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010)).

There are three exceptions to the rule of unanimity, allowing a defendant to avoid obtaining the consent of a co-defendant when that co-defendant "'(1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removal claim, which is a separate and independent claim from those asserted against the non-consenting defendant as defined by 28 U.S.C. § 1441(c).'" *L.Y.E. Diamonds Ltd. v. Gemological Inst. of America, Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *4 (S.D.N.Y. Mar. 31, 2017) (quoting *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557 (JPO), 2013 WL 1234958, at *5).  Defendants argue that the first exception applies here, again arguing that, due to New York's substituted service of process rule, at the time of removal Dulany was not "properly joined and served" such that she

need not have "join[ed] in or consent[ed] to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Although I have previous observed in dicta that the law is unsettled as to whether the rule of unanimity is affected by New York's substituted service of process requirements, *see Russell v. S. Shore Indus. Ltd.*, No. 19-CV-8494 (VSB), 2019 WL 6888614, at *4 (S.D.N.Y. Dec. 18, 2019), Defendants persuasively argue that *Gibbons*—which interpreted 28 U.S.C. § 1441(b)(2)'s "properly joined and served" language to incorporate state service of process law—applies to the identical "properly joined and served" language in 28 U.S.C. § 1446(b)(2)(A). In light of *Gibbons*' clear interpretation of 28 U.S.C. § 1441(b)(2)'s "properly joined and served" language, I see no reason to apply a different interpretation to the same language in 28 U.S.C. § 1446(b)(2)(A). Other courts in this district have similarly held that 28 U.S.C. § 1446 incorporates state service of process law. *See Lewis v. Permanent Mission of Cote D'Ivoire to United Nations*, No. 19 Civ. 1375 (GBD), 2019 WL 4198943, at *2 (S.D.N.Y. Aug. 7, 2019) ("Service was therefore complete after the expiration of ten days following such filing . . . . As a result, Defendants' filing . . . of the petition for removal was timely, as it was within 30 days of the completion of service."); *Creative Kids Far E. Inc. v. Griffin*, No. 15-cv-06027 (NSR), 2016 WL 8710479, at *3 (S.D.N.Y. Jan. 22, 2016) ("30-day period for removal cannot begin to run until defendant is an official party to the proceeding and has an obligation to respond to the action, which only occurs after strict compliance with state procedural service rules—in this case, 10 days after the filing of proof of service." (citing N.Y. C.P.L.R. § 308(2)).); *Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3052 (KMK), 2011 WL 1236121, at *3–6 (S.D.N.Y. Mar. 31, 2011) ("[P]rior to the filing of proof of service, service under § 308(2) is not 'complete,' and is therefore not 'proper' within the meaning of § 1441(b)."). Accordingly,

applying New York's substituted service provision, N.Y. C.P.L.R. § 308(2), I find that Dulany was not "properly joined and served," 28 U.S.C. § 1446(b)(2)(A), at the time of the removal, therefore excusing Defendants from the rule of unanimity.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED.  Consistent with my order dated April 20, 2020, (Doc. 11), Defendants' shall respond to the complaint within forty-five (45) days.  The Clerk of the Court is directed to close the motion at Document 7.

SO ORDERED.

Dated: September 23, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge