PHILLIPS & PAOLICELLI, LLP
ATTORNEYS AT LAW
747 THIRD AVENUE
6TH FLOOR
NEW YORK, NY 10017

(212) 388-5100
FAX: (212) 388-5200

Defendants are instructed to file a response to Plaintiff's letter-motion, detailing any reasons Defendants oppose Plaintiff's motion, on or before May 6, 2022.

SO ORDERED:

*[signature]* 04/29/22

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

April 27, 2022

**Via ECF**
The Honorable Vernon S. Broderick, United States District Judge
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: *C.Q. v. Estate of David Rockefeller, et al.* Docket: 20-CV-2205 (VSB)

Dear Judges Broderick:

    I write on behalf of Plaintiff in this diversity action under New York's Child Victim's Act CPLR § 214-g ("CVA"), which allows victims to seek relief for sexual abuse suffered as minors. The purpose of this letter motion is to request that the Court execute the annexed Order (**Exhibit A**), permitting, *inter alia*, Plaintiff's continued use of the pseudonym in the caption, and providing that publicly filed documents will redact Plaintiff's name and identifying personal information. *Id.*, at ¶15[1].

    As brief factual background, Plaintiff was sexually assaulted on multiple occasions while residing at Defendant decedent David Rockefeller's ("Rockefeller") Westchester County home as the daughter of Rockefeller's live-in cook. *See* **Exhibit C**, First Amended Complaint ¶¶3, 20. Plaintiff was 7 years old at the time of the abuse. *Id.*, at ¶9. The abuser was Rockefeller's driver whom Rockefeller had enlisted as a babysitter for Plaintiff. *Id.*, at ¶¶51, 53, 60. Plaintiff has alleged, *inter alia*, that Rockefeller was negligent in his role as landlord, in providing inadequate child care to Plaintiff, and in the retention and supervision of the driver, resulting in the repeated sexual assaults described in the complaint. *Id.*, at 134-143, 114-122.

---

[1] This case was initial filed in New York State Supreme Court under the pseudonym C.Q., along with an Order to Show Cause to proceed under a pseudonym. The matter was removed on March 12, 2020, while the motion to proceed under a pseudonym was pending. The motion to proceed under a pseudonym was granted by Hon. George J. Silver on April 30, 2020. (**Exhibit B**, Decision and Order dated April 30, 2020). The issue of proceeding under a pseudonym was raised again during the negotiation of the attached confidentiality order in this action. As the parties were able to successfully reach a stipulation, Plaintiff respectfully requests that it be so-ordered in a letter motion, to expedite matters and facilitate the exchange of Plaintiff's identifying information with defense counsel. If the Court wishes, however, Plaintiff will file a formal motion.

Plaintiff's abuse as a minor has had long-term effects including emotional distress, depression, anxiety, low self-esteem, feelings of worthlessness, sadness, shame, embarrassment, isolation, and other psychological damages and painful feelings. **Exhibit D** (Plaintiff's Affidavit), ¶6. Plaintiff has not sought public attention regarding this matter and her identity has remained anonymous since this case was initial filed nearly two years ago. **Exhibit D**, ¶7. Should Plaintiff's identity be publicized, she is concerned that she will likely immediately suffer personal and/or economic hardship, backlash from the community, irreparable injury, loss and damage. **Exhibit D**, ¶8. It would exacerbate the very injuries for which Plaintiff is suing, including additional emotional distress, depression, shame, embarrassment, and other psychological injuries. *Id.* *See also* **Exhibit E** (Affirmation of David Heffler, Ph.D., LMHC).

Use of a pseudonym finds ample support in the law. Courts in New York have permitted victims of child sexual abuse to use a pseudonym. *See, e.g.,* **Ex. F hereto** (decisions). Federal courts have done so as well. Although the title of a complaint generally contains the parties' names, "[t]here is an exception to the rule when 'the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Fla. Abolitionist v. Backpage.com LLC,* 2017 U.S. Dist. LEXIS 75744, at *2 (M.D. Fla. May 18, 2017) (allowing victim of childhood sex trafficking to use pseudonym) (citations omitted). "Courts have found that the 'substantial privacy right' test is satisfied when a plaintiff is 'required to disclose information of the utmost intimacy.'" *Id. See also Doe No. 2 v. Kolko,* 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (even the Seventh Circuit, which disfavors pseudonyms, recognizes that "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity").

The Second Circuit "'ha[s] approved of litigating under a pseudonym in certain circumstances.'" *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 189 (2d Cir. 2008) (*quoting Smith v. Edwards,* 175 F.3d 99, 99 n.1 (2d Cir. 1999)). Its jurists have permitted allegations regarding sexual misconduct to proceed anonymously. *See, e.g., Doe v. Colgate Univ.,* 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016) (allowing plaintiff to proceed anonymously given the "highly personal and sensitive nature" of the case, where "forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges"); *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 196-198 (E.D.N.Y. 2006) (allowing plaintiff alleging that a rabbi abused him when he was a child to proceed anonymously). As they have recognized, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko,* 242 F.R.D. at 195. Whether to permit a litigant to proceed anonymously is entrusted to the sound discretion of the court. *Id.*

The Second Circuit has listed ten non-exhaustive factors to consider in pseudonym applications. *See Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 190 (2d Cir. 2008). Those factors strongly support granting Plaintiff's application. As related above:

> 1. This litigation involves matters that are highly sensitive and of a personal nature.

2. Public identification of Plaintiff poses a risk of mental harm to Plaintiff and his children, who are innocent non-parties.

3. Requiring victims of child sexual abuse to publicize their identities would exacerbate the emotional distress, depression, anxiety, low self-esteem, feelings of worthlessness, sadness, shame, embarrassment, isolation, and other psychological damages for which Plaintiff has brought suit (**Exhibit D, ¶6**), and deter other victims of abuse from coming forward.

4. Plaintiff is particularly vulnerable to the possible harms of disclosure as a survivor of childhood sexual abuse.

5. This suit is not challenging government activity, but rather that of private parties.

6. Defendants will not be prejudiced by allowing plaintiff to press her claims anonymously, as they will be provided her identity and will be able to conduct discovery.

7. Plaintiff's status as a victim of sexual abuse has not been disclosed even to many close members of his family.

8. The public has an interest in sexual abuse being identified, and not deterring victims from coming forward.

9. The public does not have a strong interest in knowing Plaintiff's identity, particularly as many issues being litigated are purely legal in nature.

10. There are no alternative mechanisms for protecting Plaintiff's confidentiality, as the Complaint speaks to serious and highly sensitive childhood sexual abuse.

In sum, factors considered by courts in pseudonym applications strongly support Plaintiff's request. Plaintiff intends to provide defense counsel with documents responsive to their discovery demands, including authorizations to obtain her medical records, upon execution of the annexed order protecting her anonymity in this matter. The parties have conferred but have been unable to arrive at an agreed upon stipulation. For these reasons, Plaintiffs respectfully request that the Court grant this letter motion.

Respectfully Submitted

Danielle George

Cc: Defense counsel (*via ECF*)