PHILLIPS & PAOLICELLI, LLP
ATTORNEYS AT LAW
747 THIRD AVENUE
6TH FLOOR
NEW YORK, NY 10017

(212) 388-5100
FAX: (212) 388-5200

**APPLICATION DENIED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.**  05/26/22

Pursuant to my instructions at the March 25, 2022 status conference, resolution of this issue would be premature and any disputes regarding Defendants' request for certain records should be presented to this Court for resolution.

May 25, 2022

**Via ECF**
The Honorable Vernon S. Broderick, United States District Judge
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *C.Q. v. Estate of David Rockefeller, et al.*   Docket: 20-CV-2205 (VSB)

Dear Judge Broderick:

I write on behalf of Plaintiff in this diversity action under New York's Child Victim's Act CPLR § 214-g ("CVA"). I write to respond to Defendants' letter dated May 20, 2022, (ECF No. 66) particularly to address Defendants' request for employment authorizations. Plaintiff has not sustained loss of earnings and therefore withdraws her claim for lost wages. Defendants are not entitled to her employment records, by subpoena or authorization.

The legal authority cited by Defendants does not support disclosure of Plaintiff's employment authorizations in this case. First, Harris v. City of NY, 2012 U.S. Dist. LEXIS 185270 (E.D.N.Y. July 9, 2012) is wholly distinguishable. Harris involved plaintiffs who claimed they "were unable to attend the duties of their employment, and sustained damages for loss of earnings" as a result of the wrongdoing of defendants. Id., at *1. There is no such claim here.

Similarly, in Nunez v. City of N.Y., 2013 U.S. Dist. LEXIS 70812 (S.D.N.Y. May 17, 2013) the Court did not order the release of employment records in that action on behalf of twelve present and former prison inmates for alleged use of excessive force by employees of the New York Department of Correction. In denying the City's request for employment authorizations of the inmates, the Southern District stated:

> To the extent that the defendants seek to compel the plaintiffs to respond to their interrogatory about the plaintiffs' prior employment because it may be relevant to the plaintiffs' credibility, it is beyond the scope of *Local Civil Rule 33.3*. As to the request for releases, while "'[p]arties may utilize discovery to obtain information for impeachments purposes, . . . particularly for uncovering prior acts of deception' . . . ,

such discovery relating to a witness' credibility 'must be reasonably be likely to lead to admissible evidence'"... Further, "[c]ourts have required parties to establish good cause where discovery is sought solely to unearth potential impeachment material, and have not found such cause where the request is speculative."...... Here, the defendants have not provided any specific basis that justify seeking impeachment evidence in the plaintiffs' employment records. See id. (denying request for employees' personnel files because plaintiff only identifies generic ways in which evidence in personnel file could be used to impeach witness, and noting that plaintiff's "argument theoretically requires a court to order disclosure of personnel files -- or, for that matter, any set of documents -- wherever a requesting party speculates that they may contain impeachment evidence. Such a conclusion would run afoul of the 'good cause' requirement in *Rule 26(b)(1)*" *of the Federal Rules of Civil Procedure*); *Lev v. South Nassau Communities Hospital*, No. 10 CV 5435, 2011 U.S. Dist. LEXIS 92391, 2011 WL 3652282, at *2 (E.D.N.Y. Aug. 18, 2011) (denying request for plaintiff's prior employment record because, among other things, defendants have not alleged nor provided any evidence that plaintiff made misrepresentation during course of previous employment). Id., at *30-31 (*internal citations omitted*).

The Court there should follow Nunez and deny Defendants request for employment information.

Finally, the non-binding Pennsylvania District Court auto accident matter of McNulty v. Huf, 2000 U.S. Dist. LEXIS 2080 (E.D. Pa. Feb 22, 2000) does not support Defendants' position. Rather, the Court in McNulty held that Plaintiff *either provide employment authorizations or stipulate that the accident did not cause loss of earnings.* Id., at *1. Plaintiff has so stipulated here and therefore Defendants are not entitled to employment records, by either authorization or subpoena.

Plaintiff therefore respectfully requests that the Court enter Plaintiff's [Proposed] Order (ECF No. 65, Ex. A).

Respectfully Submitted
Danielle George

Cc: Defense counsel (*via ECF*)